Michael G. Nardi, Esq. (SBN 126902)
nardi@scmv.com
Trevor B. Potter, Esq. (SBN 265287)
potter@scmv.com
SELTZER CAPLAN MCMAHON VITEK
A Law Corporation
750 B Street, Suite 2100
San Diego, California 92101-8177
Tel: (619) 685-3003; Fax: (619) 685-3100

Attorneys for Defendant/Crossclaimant PACIFIC
INDEMNITY COMPANY

## UNITED STATES DISTRICT COURT

FAX FILING

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| COUNTY OF SAN BERNARDINO, a California public entity, | Case No. EDCV13-1137 PSG (SSx) |
|---|---|
| Plaintiff, | **PACIFIC INDEMNITY COMPANY'S FIRST AMENDED ANSWER TO COUNTY OF SAN BERNARDINO'S COMPLAINT FOR BREACH OF CONTRACT, BAD FAITH AND DECLARATORY RELIEF; AFFIRMATIVE DEFENSES; AND CROSSCLAIMS FOR DECLARATORY RELIEF, SUBROGATION AND CONTRIBUTION** |
| v. | |
| PACIFIC INDEMNITY COMPANY, a Wisconsin insurance company; THE INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA, a Pennsylvania insurance company; GULF UNDERWRITERS INSURANCE COMPANY, a Connecticut insurance company; and UNITED NATIONAL INSURANCE COMPANY, a Pennsylvania insurance company, | |
| Defendants. | **DEMAND FOR JURY TRIAL**<br><br>Hon. Philip S. Gutierrez<br><br>Complaint Filed:  June 26, 2013<br>Trial Date:       February 24, 2015 |
| PACIFIC INDEMNITY COMPANY, | |
| Crossclaimant, | |
| v. | |
| THE INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA; GULF UNDERWRITERS INSURANCE COMPANY; and UNITED NATIONAL INSURANCE COMPANY, | |
| Crossdefendants. | |

PACIFIC INDEMNITY'S FIRST AMENDED ANSWER TO COMPLAINT FOR BREACH OF CONTRACT, BAD FAITH AND DECLARATORY RELIEF; AFFIRMATIVE DEFENSES; AND CROSSCLAIMS

Case No. EDCV13-1137 PSG (SSx)

# FIRST AMENDED ANSWER

Defendant, Pacific Indemnity Company ("Pacific Indemnity"), for itself alone and for no other party, answers the Complaint ("Complaint") filed herein by plaintiff, County of San Bernardino ("County" or "plaintiff"), as follows:

## JURISDICTION AND VENUE

1.     Pacific Indemnity denies the allegations of paragraph 1 of the Complaint to the extent directed to it.

2.     Pacific Indemnity admits the allegations of paragraph 2 of the Complaint.

3.     Pacific Indemnity admits that venue is proper in this Court.  Pacific Indemnity denies that it wrongfully denied coverage.  Except as expressly admitted herein, Pacific Indemnity denies the allegations of paragraph 3 of the Complaint.

## PARTIES

4.     Pacific Indemnity admits the allegations of paragraph 4 of the Complaint.

5.     Pacific Indemnity admits the allegations of paragraph 5 of the Complaint.

6.     Pacific Indemnity lacks information sufficient to admit or deny the allegations of paragraph 6 of the Complaint, and basing its denial thereon, denies the allegations thereof.

7.     Pacific Indemnity lacks information sufficient to admit or deny the allegations of paragraph 7 of the Complaint, and basing its denial thereon, denies the allegations thereof.

8.     Pacific Indemnity lacks information sufficient to admit or deny the allegations of paragraph 8 of the Complaint, and basing its denial thereon, denies the allegations thereof.

9.     In response to the allegations of paragraph 9 of the Complaint, Pacific Indemnity admits that plaintiffs refer in their Complaint to all defendants collectively as the "Defendant Insurers," but denies that all such collective allegations are applicable to Pacific Indemnity.  Pacific Indemnity responds herein to the allegations directed to it.

1

## **FACTUAL BACKGROUND**

10.     In response to the allegations of paragraph 10 of the Complaint, Pacific Indemnity admits that it issued policy no. LP 10100 to the County for the period July 23, 1965 to July 23, 1973, the terms, conditions, exclusions and limitations of which are stated in such policy.  Pacific Indemnity admits that it issued policy no. AP-2-1298 to the County, for the period July 23, 1965 to July 23, 1968, the terms, conditions, exclusions and limitations of which are stated in such policy.  Pacific Indemnity admits that its policies are referred to collectively in the Complaint as the "Pacific Indemnity Policies," but denies that all such collective allegations apply to the policies collectively.    Except as expressly admitted herein, Pacific Indemnity denies the allegations of paragraph 10 of the Complaint.

11.     Pacific Indemnity lacks information sufficient to admit or deny the allegations of paragraph 11 of the Complaint, and basing its denial thereon, denies the allegations thereof.

12.     Pacific Indemnity lacks information sufficient to admit or deny the allegations of paragraph 12 of the Complaint, and basing its denial thereon, denies the allegations thereof.

13.     Pacific Indemnity lacks information sufficient to admit or deny the allegations of paragraph 13 of the Complaint, and basing its denial thereon, denies the allegations thereof.

14.     Pacific Indemnity admits that the County has paid all premiums due on the Pacific Indemnity Policies.  Pacific Indemnity lacks information sufficient to admit or deny the allegations of paragraph 14 to the extent they pertain to payment of premiums on policies issued by other Defendant Insurers, and basing its denial thereon, denies such allegations.  Except as expressly admitted herein, Pacific Indemnity denies the allegations of paragraph 14 of the Complaint.

15.     Pacific Indemnity admits that the allegations in paragraph 15 of the

PACIFIC INDEMNITY'S FIRST AMENDED ANSWER TO COMPLAINT FOR     Case No. EDCV13-1137 PSG (SSx)
BREACH OF CONTRACT, BAD FAITH AND DECLARATORY RELIEF;
AFFIRMATIVE DEFENSES; AND CROSSCLAIMS

Complaint paraphrase certain terms of policy no. LP 10100, but denies that the allegations in paragraph 15 accurately or completely state all material terms, conditions, exclusions or limitations of such policy, all of which terms, conditions, exclusions or limitations affect coverage, if any, thereunder.  Pacific Indemnity denies that policy no. AP-2-1298 is implicated by the facts or circumstances alleged in the Complaint.  Except as expressly admitted herein, Pacific Indemnity denies the allegations of paragraph 15 of the Complaint.

16.   Pacific Indemnity lacks information sufficient to admit or deny the allegations of paragraph 16 of the Complaint, and basing its denial thereon, denies the allegations thereof.

17.   Pacific Indemnity lacks information sufficient to admit or deny the allegations of paragraph 17 of the Complaint, and basing its denial thereon, denies the allegations thereof.

18.   Pacific Indemnity lacks information sufficient to admit or deny the allegations of paragraph 18 of the Complaint, and basing its denial thereon, denies the allegations thereof.

19.   Pacific Indemnity admits that the County timely provided notice of and tendered the Consolidated Actions to it.  Pacific Indemnity lacks information sufficient to admit or deny the allegations of paragraph 19 to the extent directed to other Defendant Insurers, and basing its denial thereon, denies such allegations.  Except as expressly admitted herein, Pacific Indemnity denies the allegations of paragraph 19 of the Complaint.

20.   Pacific Indemnity admits that the RWQCB Orders and the Consolidated Actions make the allegations that they make and seek the remedies that they seek. Pacific Indemnity denies that paragraph 20 of the Complaint fully and accurately paraphrases those allegations or the effect of such allegations on coverage, if any, under the Pacific Indemnity Policies.  Except as expressly admitted herein, Pacific Indemnity

1   denies the allegations of paragraph 20 of the Complaint.

2       21.   Pacific Indemnity admits that various parties to the Consolidated Actions

3   have, from time to time, engaged in settlement discussions.  The allegation in paragraph

4   21 of the Complaint that the County's claims against the Defendant Insurers have been,

5   and remain, tolled under California law, is a legal conclusion to which no response is

6   required. To the extent a response to such allegation is required, it is denied.  Pacific

7   Indemnity lacks information sufficient to admit or deny the remaining allegations of

8   paragraph 21 of the Complaint, and basing its denial thereon, denies such allegations.

9       22.   Pacific Indemnity admits that, from after the tender of the Consolidated

10  Actions to the Defendant Insurers, the County has incurred defense costs to defend

11  against the Consolidated Actions.  Pacific Indemnity admits that it has paid defense

12  costs, including defense costs incurred for the legal services rendered by the County's

13  defense counsel in the Consolidated Actions.  Pacific Indemnity lacks information

14  sufficient to admit or deny whether the Defendant Insurers have been sent all defense

15  costs incurred to date, or all supporting documentation for such costs, and basing its

16  denial thereon, denies such allegation.  Pacific Indemnity denies that some or all of the

17  costs the County characterizes as "site investigation costs" qualify as defense costs.

18  Pacific Indemnity denies that costs incurred in response to the RWQCB Orders qualify

19  as defense costs.  Except as expressly admitted herein, Pacific Indemnity denies the

20  allegations of paragraph 22 of the Complaint to the extent directed to it.  To the extent

21  the allegations of paragraph 22 of the Complaint are directed to other Defendant

22  Insurers, Pacific Indemnity lacks information sufficient to admit or deny such

23  allegations, and basing its denial thereon, denies such allegations.

24      23.   Pacific Indemnity denies the allegations of paragraph 23 of the Complaint

25  to the extent directed to it.

26      24.   Except for the date alleged on the first line of paragraph 24, Pacific

27  Indemnity admits the allegations of paragraph 24 of the Complaint.

28

25.     Pacific Indemnity admits that the Court entered a Consent Order and Judgment on the Rialto/Colton Settlement, the terms, conditions and requirements of which are stated therein.  Pacific Indemnity lacks information sufficient to admit or deny the allegations that the County has incurred, continues to incur, and will in the future incur, response costs necessary to remediate the alleged releases and to comply with the Consent Order and Judgment and/or the RWQCB Orders, and basing its denial thereon, denies such allegation.  Except as expressly admitted herein, Pacific Indemnity denies the allegations of paragraph 25 of the Complaint.

26.     Pacific Indemnity lacks information sufficient to admit or deny the allegations of paragraph 26 of the Complaint that the Defendant Insurers have each been sent all response costs incurred to date, as well as the supporting documentation for such costs, and basing its denial thereon, denies such allegations.  Pacific Indemnity admits that the County has requested that it pay amounts the County asserts are costs of the response action ordered under the Consent Order and Judgment and/or the RWQCB Orders, but denies it has an obligation or wrongfully has failed to pay such costs. Pacific Indemnity lacks information sufficient to admit or deny whether the County has requested each of the other Defendant Insurers to pay such costs, and basing its denial thereon, denies such allegations.    Except as expressly admitted herein, Pacific Indemnity denies the allegations of paragraph 26 of the Complaint to the extent directed to it.

27.     Pacific Indemnity denies the allegations of paragraph 27 of the Complaint to the extent directed to it.

### FIRST CLAIM FOR RELIEF

### (Breach of Contract – Failure to Defend)

28.     Pacific Indemnity realleges and incorporates by this reference its responses to each of the foregoing paragraphs of the Complaint as if set forth fully herein.

29.     Pacific Indemnity denies the allegations of paragraph 29 of the Complaint

5

1   to the extent directed to it.

2       30.   Pacific Indemnity denies the allegations of paragraph 30 of the Complaint

3   to the extent directed to it.

### SECOND CLAIM FOR RELIEF

### (Breach of Contract – Failure to Indemnify)

6       31.   Pacific Indemnity realleges and incorporates by this reference each of the

7   responses to the foregoing paragraphs of the Complaint as if set forth fully herein.

8       32.   Pacific Indemnity denies the allegations of paragraph 32 of the Complaint

9   to the extent directed to it.

10       33.   Pacific Indemnity denies the allegations of paragraph 33 of the Complaint

11   to the extent directed to it.

### THIRD CLAIM FOR RELIEF

### (Bad Faith)

14       34.   Pacific Indemnity realleges and incorporates by this reference each of its

15   responses to the foregoing paragraphs of the Complaint as if set forth fully herein.

16       35.   Pacific Indemnity denies the allegations of paragraph 35 of the Complaint

17   to the extent directed to it.

18       36.   Pacific Indemnity denies the allegations of paragraph 36 of the Complaint

19   to the extent directed to it.

20       37.   Pacific Indemnity denies the allegations of paragraph 37 of the Complaint

21   to the extent directed to it.

### FOURTH CLAIM FOR RELIEF

### (Declaratory Relief)

24       38.   Pacific Indemnity realleges and incorporates by this reference each of its

25   responses to the foregoing paragraphs of the Complaint as if set forth fully herein.

26       39.   Pacific Indemnity denies the allegations of paragraph 39 of the Complaint

27   to the extent directed to it.

PACIFIC INDEMNITY'S FIRST AMENDED ANSWER TO COMPLAINT FOR       Case No. EDCV13-1137 PSG (SSx)
BREACH OF CONTRACT, BAD FAITH AND DECLARATORY RELIEF;
AFFIRMATIVE DEFENSES; AND CROSSCLAIMS

40.   Pacific Indemnity admits that the County seeks the relief specified in paragraph 40 of the Complaint, but denies the County is entitled to such relief.  Except as expressly admitted herein, Pacific Indemnity denies the allegations of paragraph 40 to the extent directed to it.

## AFFIRMATIVE DEFENSES

As and for its affirmative defenses, Pacific Indemnity is informed and believes and based thereon alleges as follows:

### FIRST AFFIRMATIVE DEFENSE
#### (Failure to State a Claim)

41.   The Complaint, and each purported claim for relief therein, fails to state a claim against Pacific Indemnity upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
#### (Waiver)

42.   Plaintiff has engaged in conduct and activity sufficient to constitute a waiver, in whole or in part, of the claims for relief which it might otherwise have against Pacific Indemnity.

### THIRD AFFIRMATIVE DEFENSE
#### (Estoppel)

43.   Plaintiff has engaged in conduct and activity by reason of which it is estopped to pursue this action in whole or in part.

### FOURTH AFFIRMATIVE DEFENSE
#### (Performance/Excuse)

44.   In the event it is determined that Pacific Indemnity had any duties, obligations or liabilities to plaintiff, such duties, obligations and/or liabilities have been performed or excused, either in whole or in part.

### FIFTH AFFIRMATIVE DEFENSE
#### (Payment)

45.   The Complaint is barred to the extent the benefits sought therein have been

paid by Pacific Indemnity and/or other Defendant Insurers.

## SIXTH AFFIRMATIVE DEFENSE

### (Prevention of Performance)

46.    The Complaint is barred, in whole or in part, to the extent the actions or inactions of plaintiff and/or third parties prevented, hindered or made more difficult Pacific Indemnity's performance of obligations, if any, owed under the policy/ies at issue herein.

## SEVENTH AFFIRMATIVE DEFENSE

### (Release)

47.    Plaintiff's claims for relief against Pacific Indemnity have been released in whole or in part and/or are barred by accord and satisfaction, settlement and/or novation.

## EIGHTH AFFIRMATIVE DEFENSE

### (Aviation Policy Inapplicable)

48.    Pacific Indemnity policy no. AP-2-1298, an aviation insurance policy, by its express terms, conditions, exclusions and limitations, extends no coverage to the facts and circumstances alleged in the County's Complaint.

## NINTH AFFIRMATIVE DEFENSE

### (Plaintiff's Breach)

49.    The Complaint is barred, in whole or in part, by plaintiff's breach(es) of its own express and/or implied obligations under the insurance policy/ies at issue (or applicable law).

## TENTH AFFIRMATIVE DEFENSE

### (Insuring Agreements)

50.    The Complaint is barred to the extent it seeks a recovery inconsistent with the Insuring Agreements in the policy/ies of insurance issued by Pacific Indemnity, including but not limited to, the Insuring Agreements of Pacific Indemnity policy no. LP 10100, particularly Section I, Coverage C - Property Damage Liability - Except

8

Automobile, and Section II, Defense, Settlement, Supplementary Payments.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Failure to Satisfy Policy Conditions)

51.     The Complaint is barred, in whole or in part, by conditions of Pacific Indemnity policy no. LP 10100, including, but not limited to Conditions 3(a) (Definitions: Occurrence), 6 (Limits of Liability, Coverages B and C), 9 (Notice of an Occurrence), 10 (Notice of Claim or Suit), 11 (Assistance and Cooperation of the Insured), 12 (Action Against the Company), 13 (Other Insurance) and 14 (Subrogation).

## TWELFTH AFFIRMATIVE DEFENSE

### (Exclusions)

52.     The Complaint is barred, in whole or in part, by exclusions in Pacific Indemnity policy no. LP 10100, including, but not limited to, Exclusions (d) (owned property) and (e) (Cal. Const. Art. 1, § 14).

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Other Terms, Conditions, Exclusions and Limitations of Policy/ies)

53.     The Complaint is barred, in whole or in part, by the other terms, conditions, exclusions, definitions and limitations in the policy/ies of insurance issued by Pacific Indemnity (and the principles of law applicable thereto) and/or on the grounds stated in Pacific Indemnity's reservation of rights letter(s) or other coverage position communications.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Exhaustion)

54.     The Pacific Indemnity policy/ies at issue have been exhausted.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Defense Costs)

55.     The alleged "site inspection costs" do not qualify, in whole or in part, as defense costs.

9

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Not Reasonable and Necessary)

56.     The Complaint is barred to the extent that it seeks recovery of expenditures that were not reasonable or necessary.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Claims Not Potentially Covered)

57.     The Complaint is barred to the extent it seeks recovery for expenditures that are allocable to claims or causes of action that are not potentially covered under the policy/ies alleged herein.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (No Consent)

58.     The Complaint is barred to the extent it seeks to recover pre-tender fees, costs, expenditures or obligations incurred or assumed without Pacific Indemnity's prior consent.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Civil Code Sections 3301 and 3302)

59.     The damages plaintiff seeks are barred or limited by the provisions of California Civil Code sections 3301 and/or 3302.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Civil Code Section 2860)

60.     The Complaint is barred in whole or in part by the provisions of California Civil Code section 2860.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Genuine/Good Faith Dispute)

61.     The claim for relief entitled "Bad Faith," and all damages allegedly arising therefrom, are barred on the grounds that there exists a genuine dispute as to whether the benefits plaintiff seeks are actually owed in whole or in part to plaintiff.

10

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

62.     The Complaint is barred to the extent that plaintiff has failed to mitigate its alleged damages, if any.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Offset)

63.     Pacific Indemnity is entitled to an offset to the extent it has paid attorneys' fees and/or costs that are allocable to the defense of claims that are not potentially covered and/or for expenditures that were either unreasonable or unnecessary.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Additional Defenses Reserved)

64.     Pacific Indemnity reserves the right to plead additional affirmative defenses upon further discovery.


## CROSSCLAIMS

Pacific Indemnity, as Crossclaimant, alleges as follows:

65.     Pacific Indemnity is, and at all times relevant herein was, a corporation duly organized under the laws of the State of Wisconsin.  Pacific Indemnity maintains its headquarters and principal place of business in New Jersey.  Pacific Indemnity is in the business of providing insurance to members of the public in California and in other States.

66.     Upon information and belief, Crossdefendant Gulf Underwriters Insurance Company ("Gulf") is, and at all times relevant herein was, an insurance company organized and existing under the laws of Connecticut, with its principal place of business in Connecticut.

67.     Upon information and belief, Crossdefendant The Insurance Company of the State of Pennsylvania ("ICSOP") is, and at all times relevant herein was, an

11

insurance company organized and existing under the laws of Pennsylvania, with its principal place of business in New York.

68.   Upon information and belief, Crossdefendant United National Insurance Company ("UNIC") is, and at all times relevant herein was, an insurance company organized and existing under the laws of Pennsylvania, with its principal place of business in Pennsylvania. Gulf, ICSOP and UNIC are referred to herein individually as a "Crossdefendant" and collectively as "Crossdefendants."

69.   Pursuant to Federal Rule of Civil Procedure 13(g), the crossclaims alleged herein arise out of the subject matter of the County's Complaint and include claims that the Crossdefendants are or may be liable to Pacific Indemnity for all or part of the claims asserted in the County's Complaint against Pacific Indemnity.

70.   Pacific Indemnity issued policy no. LP 10100 to the County for the period July 23, 1965 to July 23, 1973 ("Policy LP 10100"). Pursuant to reservations of rights, Pacific Indemnity has paid to defend the County, under Policy LP 10100, against actions the County has described (in paragraph 1 of its Complaint) as the "Consolidated Actions."   In addition, pursuant to the "County/Insurer Settlement" alleged in paragraph 24 of the County's Complaint, Pacific Indemnity contributed $3 million to the "Rialto/Colton Settlement" (also alleged in paragraph 24 of the County's Complaint).

71.   Upon information and belief, Gulf issued to the County policy GU 282-45-17 (effective July 1, 2001 to January 20, 2004). Gulf, along with Federal, contributed to the County's defense against the Consolidated Actions and, pursuant to the County/Insurer Settlement, contributed to the Rialto/Colton Settlement.

72.   Upon information and belief, ICSOP issued to the County policies 426-0772 (effective July 23, 1966 to July 23, 1969), 429-0989 (effective July 23, 1969 to July 23, 1972) and 427-21195 (effective July 23, 1972 to July 23, 1975).   Pursuant to the County/Insurer Settlement, ICSOP also contributed to the Rialto/Colton Settlement,

12

1    along with Pacific Indemnity and Gulf.

2        73.    Upon information and belief, UNIC issued to the County policy UNA 0000

3    138 (effective December 27, 1999 to October 1, 2002).  Pacific Indemnity is informed

4    and believes that UNIC has not contributed to the County's defense against the

5    Consolidated Actions or the "RWQCB Orders" (identified in paragraph 1 of the

6    County's Complaint), and UNIC did not contribute to the Rialto/Colton Settlement or

7    the settlement alleged in paragraph 27 of the County's Complaint.

8        74.    The County has alleged and Pacific Indemnity is informed and believes

9    that each of the Crossdefendants, pursuant to the terms of their policies and applicable

10   law, owed a duty to pay or contribute to (a) the County's defense against the

11   Consolidated Actions and/or (b) the RWQCB Orders and/or (c) the Rialto/Colton

12   Settlement, and/or (d) the settlement entered into by the County alleged in paragraph 27

13   of the Complaint.

14       75.    Pacific Indemnity, in defending the County against the Consolidated

15   Actions and contributing to the Rialto/Colton Settlement as alleged in paragraph 70

16   above, paid more than its share of the defense costs and settlement and/or paid amounts

17   for which Pacific Indemnity is informed and believes one or more of the

18   Crossdefendant(s) is/are primarily liable and should have paid.  Indeed, the $3 million

19   Pacific Indemnity contributed to the Rialto/Colton Settlement exhausted the applicable

20   limits of Policy LP 10100 and terminated any duty Pacific Indemnity had to defend

21   and/or indemnify the County.  Pacific Indemnity, by virtue of the payments it has made

22   and subject to the County/Insurer Settlement, is subrogated to all of the County's rights

23   of recovery against the Crossdefendants, which rights the County is purporting to assert

24   in its Complaint against the Crossdefendants.

25       76.    Accordingly, and subject to the County/Insurer Settlement,

26   Crossdefendants are legally and equitably obligated to (a) reimburse Pacific Indemnity

27   for amounts it has paid but for which Crossdefendant(s) are primarily liable and for

28

13

1   which, in equity and good consequence, Crossdefendant(s) should have paid, and/or (b)

2   reimburse Pacific Indemnity for their proportionate shares of amounts Pacific Indemnity

3   paid and which Crossdefendant(s) equally and concurrently owed.

4       77.   Pacific Indemnity denies that it owes the County additional amounts for

5   defense or indemnity.   However, to the extent the County recovers from Pacific

6   Indemnity any additional amount(s) for defense or indemnity, Pacific Indemnity is

7   entitled to recover such amount(s), in whole or in part, from Crossdefendant(s).

8                           **FIRST CROSSCLAIM**

9                          **(Declaratory Relief)**

10      78.   Pacific Indemnity realleges and incorporates by this reference the

11  allegations set forth in paragraphs 65 through 77 above, as if set forth in full herein.

12      79.   An actual controversy has arisen and now exists between Pacific Indemnity

13  and Crossdefendants regarding their rights and obligations vis-à-vis each other arising

14  out of the subject matter of the County's Complaint, including: (a) whether

15  Crossdefendants owe or owed a duty to defend and/or indemnify the County against the

16  Consolidated Actions and/or the RWQCB Orders; (b) whether Crossdefendants owed an

17  obligation to pay or contribute to the Rialto/Colton Settlement and/or the settlement

18  alleged in paragraph 27 of the County's Complaint; (c) whether Crossdefendants are

19  obligated to reimburse Pacific Indemnity, in whole or in part, for amounts it (i) has paid

20  to defend the County and/or (ii) contributed to the Rialto/Colton Settlement, and the

21  amount of reimbursement each of the Crossdefendants owes; (d) whether, in the event

22  Pacific Indemnity is found to owe additional amounts for defense or indemnity (which it

23  denies), Crossdefendants are obligated to reimburse Pacific Indemnity, in whole or in

24  part, for such amounts and the amount of reimbursement each of the Crossdefendants

25  owes.

26      80.   A judicial declaration is necessary and appropriate at this time to ascertain

27  the rights and obligations of Pacific Indemnity and the Crossdefendants vis-à-vis each

28

14

other arising out of the subject matter of the County's Complaint as described above. Accordingly, Pacific Indemnity seeks a judicial declaration (a) that Crossdefendant(s) are obligated to reimburse Pacific Indemnity, in whole or in part, for defense costs and settlement amount(s) it has paid or may in the future pay and (b) the amount of reimbursement each of the Crossdefendants owes.

## SECOND CROSSCLAIM

### (Subrogation)

81.     Pacific Indemnity realleges and incorporates by this reference the allegations of paragraphs 65 through 80 above, as if set forth in full herein.

82.     By virtue of the payments it has made (or hereafter may be obligated to make), Pacific Indemnity is subrogated, equitably and under the terms of Policy LP 10100, to all of the rights of recovery the County has against Crossdefendants. Subject to the terms of the County/Insurer Settlement, Crossdefendant(s) are liable to Pacific Indemnity for the amounts Pacific Indemnity has paid or will pay but for which Crossdefendant(s) are primarily liable and for which, in equity and good conscience, Crossdefendant(s) should pay.

83.     Enforcement of the rights of equitable and contractual subrogation pleaded herein will not work an injustice to the rights of others. Indeed, the equities support Pacific Indemnity's right to recover from Crossdefendant(s) amounts for which they are primarily responsible. Pacific Indemnity was not acting as a volunteer in making the defense and settlement payments alleged herein.

## THIRD CROSSCLAIM

### (Contribution)

84.     Pacific Indemnity realleges and incorporates by this reference the allegations of paragraphs 65 through 80 above, as if set forth in full herein.

85.     Pacific Indemnity has paid more than its share of the County defense and/or settlement costs that Crossdefendant(s) equally and concurrently owe. Subject to

15

the County/Insurer Settlement, Crossdefendants are obligated, under the doctrine of equitable contribution, to reimburse Pacific Indemnity for their proportionate shares of the defense and settlement costs Pacific Indemnity has paid or hereafter may be obligated to pay.

## PRAYER FOR RELIEF

WHEREFORE, Pacific Indemnity prays for judgment as follows:

A.     With respect to plaintiff's Complaint:

     1.     That plaintiff take nothing by its Complaint;

     2.     That Pacific Indemnity be awarded costs of suit; and

     3.     For such other and further relief as the Court may deem just and proper.

B.     With respect to Pacific Indemnity's Crossclaims:

     1.     On the First Crossclaim, for a judicial declaration (a) that Crossdefendant(s) are obligated to reimburse Pacific Indemnity, in whole or in part, for defense costs and settlement amount(s) it has paid or may in the future pay and (b) the amount of reimbursement each of the Crossdefendant(s) owes;

     2.     On the Second Crossclaim, for equitable and/or contractual subrogation, requiring Crossdefendant(s) to reimburse Pacific Indemnity for defense and/or settlement costs Pacific Indemnity has paid (or hereafter is obligated to pay), but for which Crossdefendant(s) were primarily responsible;

     3.     On the Third Crossclaim, for equitable contribution, requiring Crossdefendant(s) to reimburse Pacific Indemnity for their respective shares of defense and/or settlement costs Pacific Indemnity has paid or hereafter is obligated to pay;

     4.     On all Crossclaims, for interest at the appropriate rate on the defense

PACIFIC INDEMNITY'S FIRST AMENDED ANSWER TO COMPLAINT FOR       Case No. EDCV13-1137 PSG (SSx)
BREACH OF CONTRACT, BAD FAITH AND DECLARATORY RELIEF;
AFFIRMATIVE DEFENSES; AND CROSSCLAIMS

1     and settlement payments Pacific Indemnity made, but which should

2     have been paid by Crossdefendant(s);

3     5.     On all Crossclaims, for costs incurred in connection with this action;

4     and

5     6.     On all Crossclaims, for such other and further relief as the Court may

6     deem just, equitable and proper.

7

8     Dated: January 10, 2014            SELZER CAPLAN MCMAHON VITEK
                                    A Law Corporation

9

10                                  By: _____

11                                     Michael G. Nardi, Esq.
                                    Trevor B. Potter, Esq.

12                                     Attorneys for Defendant/Crossclaimant
                                    PACIFIC INDEMNITY COMPANY

13                                     E-Mail: nardi@scmv.com
                                          potter@scmv.com

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## DEMAND FOR JURY TRIAL

2         Defendant/Crossclaimant Pacific Indemnity Company hereby demands trial by

3   jury of each issue so triable.

4

Dated: January 10, 2014              SELTZER CAPLAN MCMAHON VITEK

5                              A Law Corporation

6

7   By: _____

8                 Michael G. Nardi, Esq.

              Trevor B. Potter, Esq.

9                 Attorneys for Defendant/Crossclaimant

              PACIFIC INDEMNITY COMPANY

10                E-Mail: nardi@scmv.com

11                      potter@scmv.com

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PACIFIC INDEMNITY'S FIRST AMENDED ANSWER TO COMPLAINT FOR    Case No. EDCV13-1137 PSG (SSx)
BREACH OF CONTRACT, BAD FAITH AND DECLARATORY RELIEF;
AFFIRMATIVE DEFENSES; AND CROSSCLAIMS