IRELL & MANELLA LLP
Marc S. Maister (SBN 155980)
mmaister@irell.com
Harry J. Schulz, III (SBN 205625)
hschulz@irell.com
Joshua C. Lee (SBN 268606)
jclee@irell.com
840 Newport Center Drive, Suite 400
Newport Beach, California 92660-6324
Tel: (949) 760-0991; Fax: (949) 760-5200

COUNTY COUNSEL OF SAN BERNARDINO
Penelope Alexander-Kelley (SBN 145129)
Principal Assistant County Counsel
palexander-kelley@cc.sbcounty.gov
Mitchell L. Norton (SBN 167018)
Deputy County Counsel
mnorton@cc.sbcounty.gov
Jean Rene Basle (SBN 134107)
County Counsel
jbasle@cc.sbcounty.gov
385 N. Arrowhead Avenue, Fourth Floor
San Bernardino, California 92415-0140
Tel: (909) 387-5435; Fax: (909) 387-5462

Attorneys for Plaintiff
County of San Bernardino

**NOTE CHANGES MADE BY THE COURT**

MANDATORY CHAMBERS COPY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COUNTY OF SAN BERNARDINO, a California public entity,<br><br>Plaintiff,<br><br>v.<br><br>PACIFIC INDEMNITY COMPANY, a Wisconsin insurance company; THE INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA, a Pennsylvania insurance company; GULF UNDERWRITERS INSURANCE COMPANY, a Connecticut insurance company; and UNITED NATIONAL INSURANCE COMPANY, a Pennsylvania insurance company,<br><br>Defendants. | Case No. EDCV13-1137 PSG (SSx)<br><br>**STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION; PROPOSED ORDER**<br><br>[DISCOVERY DOCUMENT: REFERRED TO MAGISTRATE JUDGE SUZANNE H. SEGAL] |

**NOTE CHANGES MADE BY THE COURT**

**SUBJECT TO THE COURT'S APPROVAL, IT IS HEREBY STIPULATED** by Plaintiff the County of San Bernardino (the "County"), and Defendants Pacific Indemnity Company ("Pacific Indemnity"), The Insurance Company of the State of Pennsylvania ("ICSOP"), Gulf Underwriters Insurance Company ("Gulf"), and United National Insurance Company ("UNIC") (together with Plaintiff, the "Parties"), acting through their respective counsel of record, that the terms and conditions of this protective order shall be applicable to and govern the treatment of information, depositions, documents, writings and other tangible things disclosed, produced, provided or exchanged by the Parties and material produced by third-parties ("Confidential Information" as defined in paragraph 3, below) as follows:

1. <u>Good Cause Statement</u>. Subject to appropriate objections, the Parties wish to exchange documents and deposition testimony between themselves that the producing party designates as protected and/or confidential. Such documents include:

   a. Protected and/or confidential communications related to the County's defense and indemnity in certain underlying litigation, the production of which third parties might seek to compel if disclosed to Defendants in this action absent this Stipulated Protective Order;

   b. Documents that contain sensitive information related to public utilities that, if disclosed or disseminated publicly or to third parties, could pose a risk to the security of those utilities;

   c. Confidential settlement discussions, demands, offers, and draft and final terms and agreements made for the purposes of settlement and with an expectation of continued confidentiality;

   d. Documents produced subject to separate protective orders in other litigation that ~~involves one or more Parties to this action; and~~

   e. Documents that contain premium calculation, reinsurance placement or other similar proprietary business information specific to the insurers and their respective policies at issue in this litigation.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

- 1 -

STIPULATED PROTECTIVE ORDER
REGARDING CONFIDENTIAL INFORMATION
Case No EDCV13-1137-PSG (SSx)

The Parties wish to ensure that such documents and deposition testimony will not lose their protected or confidential status by virtue of their (a) exchange with the parties to this agreement; or (b) by dissemination to any other persons or entities as provided for herein.

2. **Proceedings and Information Governed.** This order is applicable to the Parties, including any person or entity made a party to this action after the Effective Date of this order, and will govern any document, video or audio recording, information, or other thing furnished by the Parties, including third parties, to any other Party in connection with the disclosure, discovery and pretrial phases of this action. The information protected includes, but is not limited to, initial and supplemental disclosures, responses to requests to produce documents or other things; responses to interrogatories; responses to requests for admissions; deposition testimony and exhibits; responses to subpoenas, and all copies, extracts, summaries, compilations, designations, and portions of the foregoing. This order does not govern proceedings during trial, nor does it prohibit the Parties from seeking a protective order to govern proceedings during trial.

3. **Confidential Information Defined.** For the purposes of this order, "Confidential Information" will mean all information, documents, video or audio recording, computer disks or any other material that is produced to or disclosed to a receiving party, which is stamped with the words "Confidential Information" or a similar stamp that includes the word "Confidential." "Confidential Information" also includes deposition testimony and/or exhibits designated in accordance with the provisions of paragraph 13, below.

4. **Information Not Governed by this Order.** The restrictions of this order will not apply to any information that:

(a) At the time of the disclosure to a qualified recipient (as defined in paragraph 6) is in the public domain;

(b) After disclosure to a qualified recipient becomes part of the public domain as a result of publication not involving a violation of this order;

(c) A qualified recipient can show was received by it from a source who obtained the information lawfully and under no obligation of confidentiality to the producing party.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

- 2 -

STIPULATED PROTECTIVE ORDER
REGARDING CONFIDENTIAL INFORMATION
Case No EDCV13-1137-PSG (SSx)

5. <u>Scope of Restriction</u>. The restrictions on the use of Confidential Information established by this order apply to the use by a Party of Confidential Information received from another Party or any third person or entity.

6. <u>Persons Authorized to Receive Confidential Information</u>. With respect to Confidential Information exchanged between the Parties, and for the purpose of this Order, "Qualified Recipient" will mean, with respect to Confidential Information that is designated as "Confidential Information," only the persons identified in sub-paragraphs (a) through (j) of this paragraph:

(a) The attorneys of record in this action and any attorneys retained by the Parties to consult on the litigation or the insurance claims at issue herein; their respective partners, associates, clerks, legal assistants, and stenographic and support personnel; and organizations and their employees, retained by such attorneys to provide litigation support services in this action;

(b) Independent experts and consultants, and their employees, retained by the attorneys identified in subparagraph (a) above, subject to their execution of the "Agreement to be Bound by the Stipulation and Protective Order Regarding Confidential Information," attached hereto as **Exhibit 1** (counsel for the Parties shall require each consultant and/or expert, as well as those people assisting such consultants and experts who will have access to confidential information, to execute **Exhibit 1** attached hereto either (a) prior to providing the consultant and/or expert with any confidential information; or (b) upon entry of this order);

(c) The individual Parties to this action;

(d) The Parties' officers, directors, and employees;

(e) The persons who are the authors or addressees of the Confidential Information;

(f) Defendants' reinsurers, and representatives of Defendants' reinsurers, if any, subject to their agreement to abide by the terms of this order;

(g) Court personnel;

(h) ~~Stenographic reporters in accordance with paragraph 13;~~

(i) Persons giving deposition testimony, subject to their agreement to abide by the terms of this order;

(j) State or federal government regulators;

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

- 3 -

STIPULATED PROTECTIVE ORDER
REGARDING CONFIDENTIAL INFORMATION
Case No EDCV13-1137-PSG (SSx)

      (k)    Other persons who may be later designated by written agreement of the Parties or by order of the Court, obtained on noticed motion (or on shortened time as allowed by the Court) permitting such disclosure, or who otherwise obtain authorization to receive Confidential Information in accordance with this order.

      7.    <u>Documents Produced During Discovery</u>.  All documents and physical objects, including video and audio tapes, computer disks, disclosed or produced during discovery and designated as Confidential Information, as provided in paragraph 3, above, will be considered as a whole to constitute Confidential Information.

      8.    <u>Removal of Confidential Information from the Scope of this Order ("Removal")</u>.  A party may seek removal of particular items of Confidential Information from this order by giving counsel for all Parties written notice of his or her intent to seek removal, supported by reasons for the removal, specifying the items of Confidential Information for which removal is sought. The request will become effective unless, within ten (10) days after actual receipt of the request, a party serves a written objection to the removal, stating the reasons for the objection to the removal. The Parties will confer to attempt to resolve the objection, but if the Parties cannot resolve the objection within ten (10) days after actual receipt of the written objection, the party seeking to remove particular items of Confidential Information from this order may thereafter file and serve the Parties with a motion for relief from this Order. The moving party shall bear the burden of demonstrating that the information designated as Confidential information should not be subject to this Order. *after complying with L.R. 37-1 and 37-2.* [SHJ]

      9.    <u>Use of Confidential Information</u>.  Any Confidential Information will be handled by the receiving party in accordance with the terms of this order. Confidential Information will be held in confidence by each receiving party, will only be used by each receiving party for purposes of this action and not for any business or other purpose unless agreed to in writing by the producing party or as authorized by further order of the Court, and will not be disclosed to any person who is not a Qualified Recipient, except as provided in this order. ~~All Confidential Information will be maintained so as to~~ preclude access by persons who are not Qualified Recipients.

      10.    <u>Copies of Confidential Information</u>.  Confidential Information will not be copied or otherwise reproduced by a receiving party, except for transmission to Qualified Recipients, without the

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

- 4 -

STIPULATED PROTECTIVE ORDER
REGARDING CONFIDENTIAL INFORMATION
Case No EDCV13-1137-PSG (SSx)

written permission of the producing party or by further order of the Court. Nothing in this order will restrict a Qualified Recipient from making working copies, abstracts, digests, and analysis of Confidential Information for use in connection with this action. All working copies, abstracts, digests, and analysis will be considered Confidential Information under the terms of this order.

11. <u>Transmission of Information</u>. Nothing in this order will prohibit the transmission or communication of Confidential Information between or among Qualified Recipients.

    (a)    By hand delivery;

    (b)    By face-to-face conference;

    (c)    In sealed envelopes or containers via the mails or an established freight, delivery, or messenger service; or

    (d)    By telephone, telegram, facsimile, or other electronic transmission system if, under the circumstances, there is no reasonable likelihood that the transmission will be intercepted or misused by any person who is not a Qualified Recipient.

In order to ensure that there is no inadvertent or intentional transmission or disclosure of Confidential Information to persons or entities that are not Qualified Recipients, the attorneys for the Parties shall notify all persons in their respective offices who will have access to any Confidential Information of the existence of this Stipulated Protective Order, and shall instruct all persons in their respective offices that no Confidential Information is to be transmitted from their respective offices until such transmission is approved by an attorney of their respective offices. If there is any inadvertent or unauthorized disclosure of Confidential Information, the parties will cooperate and take all reasonable efforts to rectify the situation.

12. <u>Court Procedures</u>. If any party desires to submit Confidential Information to the Court, it must do one of the following: 1) provide written notice to the designating party no fewer than ten (10) days prior to that submission, to allow the designating party to file a written ~~application and proposed order to file the Confidential Information under seal in accordance with~~ the Civil Local Rules of the United States District Court for the Central District of California, L.R. 79-5. If an application and proposed order is filed by the designating party within ten (10) days of the notice, the submitting party shall lodge the Confidential Information with the Court pending

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

- 5 -

STIPULATED PROTECTIVE ORDER
REGARDING CONFIDENTIAL INFORMATION
Case No EDCV13-1137-PSG (SSx)

the resolution of the sealing motion; 2) Alternatively, a party desiring to submit Confidential Information to the Court may lodge the Confidential Information concurrently with the filing of a written application and proposed order seeking permission to file the material under seal in accordance with L.R. 79-5. The lodged information shall remain under seal pending the Court's resolution of the application.

  13. <u>Depositions</u>. Any deposition reporter who takes down testimony in this action will be given a copy of this order and will be required to agree on the transcript of the deposition, before taking down any testimony, that he or she will not disclose any Confidential Information revealed at the deposition, except to the attorneys of record for the Parties in this action. Within ten (10) calendar days of the receipt of the certified transcript of a deposition, a Party may designate, in a writing to all Parties, specific pages and lines of testimony and/or exhibits as Confidential Information.

  14. <u>Subpoenas</u>. If any person or party having possession, custody, or control of any thing designated as Confidential Information by another party receives a subpoena or other process or order to produce Confidential Information, he or she will:

   (a) Immediately notify in writing (via e-mail and regular mail) the attorneys of record of all Parties of the Confidential Information sought by the subpoena or other process or order, but in no event shall notice to all Parties of any such subpoena be provided to the Parties less than ten (10) days before the subpoenaed party complies with any such subpoena;

   (b) Immediately furnish those attorneys with a copy of the subpoena or other process or order; and

   (c) Provide reasonable cooperation with respect to any procedure to protect the Confidential Information sought to be pursued by the party whose interests may be affected.

   (d) If any party makes a motion to quash or modify the subpoena, process, or order, there will be no disclosure of the subject matter objected to under the subpoena, process, or order until ~~the Court has ruled on the motion, and then only in accordance with the ruling. If no motion is made~~ despite a reasonable opportunity to do so, the person or party receiving the subpoena or other process or order will be entitled to comply with it if the person or party has fulfilled its obligations under this order.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

- 6 -

STIPULATED PROTECTIVE ORDER
REGARDING CONFIDENTIAL INFORMATION
Case No EDCV13-1137-PSG (SSx)

15. <u>No Waiver</u>.

(a) The taking of, or the failure to take, any action to enforce the provisions of this order will not constitute a waiver of any right to seek and obtain protection or relief, either as specified in this order or otherwise. This order is entered without prejudice to the right of any party to apply to the Court at any time to relax or rescind the restrictions of this order, when convenience or necessity requires. This order will not relieve a party of the necessity of proper response to discovery devices. Nor will it affect the rights of the Parties to object to discovery on the ground that the discovery sought is not reasonably calculated to lead to the discovery of admissible evidence, or any other appropriate objection to the discovery sought. Nothing in this order shall preclude any party from seeking an additional protective order with respect to the disclosure of Confidential Information. Nothing in this order shall make admissible any Confidential Information that is not otherwise admissible. All objections to admissibility are preserved.

(b) By stipulating to this order, no party concedes or waives the right to contest that any information or documents are confidential or otherwise subject to any privilege, including but not limited to the attorney-client privilege. Production of information or documents pursuant to this order will not constitute an implied waiver of any applicable protection, including the attorney-client privilege. The parties agree to follow the procedures of Federal Rule of Evidence 502 and Federal Rule of Civil Procedure 26(b)(5)(B) and return, sequester or destroy any potentially privileged material under a claim of privilege or work product protection by the producing party, pursuant to those rules.

(c) With respect to any persons or entities not a party to this order, the exchange of Confidential Information shall not constitute a waiver of any protection, privilege (including, but not limited to, the attorney-client privilege) or proprietary confidential nature pertaining to such exchanged Confidential Information.

16. <u>Retention of Information</u>. At the conclusion of this action, each party to this order, and its respective agents, including, but not limited to its attorneys and experts, may retain all Confidential Information that is in the possession of that party or that party's agents, including, but not limited to its attorneys and experts. All Confidential Information (including all copies) that a party, or its agents, including, but not limited to its attorneys and experts, chooses not to retain, will be delivered to the party

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

- 7 -

STIPULATED PROTECTIVE ORDER
REGARDING CONFIDENTIAL INFORMATION
Case No EDCV13-1137-PSG (SSx)

that produced the Confidential Information by the receiving party or parties and their agents, including, but not limited to, their attorneys and experts, or destroyed by the receiving party or parties and their agents, including, but not limited to, their attorneys and experts, at the option of the receiving party. If the receiving party opts to destroy all Confidential Information, the receiving parties and their agents will provide an affidavit to the producing party within ten (10) days of such destruction that the Confidential Information has been destroyed. All Confidential Information retained by a party, or his or her respective agents, including but not limited to his or her attorneys and experts, in accordance with this paragraph, and all Confidential Information not embodied in written materials, documents, or tangible items, will remain subject to this order.

17. <u>Court's Jurisdiction</u>. The Court retains jurisdiction to make amendments, modifications, deletions, and additions to this order as the Court from time to time considers appropriate. The provisions of this order regarding the use or disclosure of Confidential Information will survive the termination of this action, and the Court will retain jurisdiction with respect to this order.

18. <u>Notices</u>. Any of the notice requirements in this order may be waived, in whole or in part, but only a writing signed by the attorney of record for the party against whom such waiver is sought will be effective.

19. <u>Counterparts</u>. This document may be executed in counterparts, each of which, when incorporated with the other, shall constitute one document.

20. <u>Effective Date; Prior Exchanges of Information</u>. The parties have exchanged information, including Confidential Information, in the mediation/settlement context pursuant to an agreement of confidentiality. The parties represent that there have been no unauthorized disclosures of that information, and agree that this Order shall apply to those exchanges.

**IT IS SO STIPULATED.**

Dated: March 5, 2014                                  IRELL & MANELLA LLP

By: /s/ Joshua C. Lee for
    Marc S. Maister
    Attorneys for Plaintiff
    The County of San Bernardino

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

- 8 -

STIPULATED PROTECTIVE ORDER
REGARDING CONFIDENTIAL INFORMATION
Case No EDCV13-1137-PSG (SSx)

| | |
|---|---|
| Dated: March 5, 2014 | COUNTY COUNSEL OF SAN BERNARDINO |
| | By: /s/ Joshua C. Lee for<br>Penelope Alexander-Kelley<br>Attorneys for Plaintiff<br>The County of San Bernardino |
| Dated: March 5, 2014 | SELTZER CAPLAN McMAHON VITEK |
| | By: /s/ Joshua C. Lee for<br>Michael G. Nardi<br>Attorneys for Defendant<br>Pacific Indemnity Company |
| Dated: March 5, 2014 | SINNOTT, PUEBLA, CAMPAGNE & CURET |
| | By: /s/ Joshua C. Lee for<br>W. David Campagne<br>Attorneys for Defendant<br>The Insurance Company of the State of Pennsylvania |
| Dated: March 5, 2014 | DENTONS US LLP |
| | By: /s/ Joshua C. Lee for<br>Ronald D. Kent<br>Attorneys for Defendant<br>Gulf Underwriters Insurance Company |
| Dated: March 5, 2014 | MORRIS POLICH & PURDY LLP |
| | By: /s/ Joshua C. Lee for<br>Jeffrey S. Barron<br>Attorneys for Defendant<br>United National Insurance Company |

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

- 9 -

STIPULATED PROTECTIVE ORDER
REGARDING CONFIDENTIAL INFORMATION
Case No EDCV13-1137-PSG (SSx)

## AGREEMENT TO BE BOUND BY THE STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION

### (Exhibit 1)

I, _____, hereby acknowledge that I have received and reviewed a copy of the "Stipulated Protective Order Regarding Confidential Information" submitted in *The County of San Bernardino v. Pacific Indemnity Insurance Company, et al.*, Case No. EDCV13-1137 PSG ("Stipulated Protective Order"). I agree to be bound by the terms of the Stipulated Protective Order and I submit to the jurisdiction of the United States District Court for the Central District of California for purposes of enforcement of the Stipulated Protective Order.

DATED: _____    BY: _____

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

- 10 -

STIPULATED PROTECTIVE ORDER
REGARDING CONFIDENTIAL INFORMATION
Case No EDCV13-1137-PSG (SSx)

| | |
|---|---|
| 1 | I hereby attest that all other signatures listed, and on whose behalf this filing |
| 2 | is submitted, concur in the filing's content and have authorized the filing. |
| 3 | Dated: March 5, 2014         IRELL & MANELLA LLP |
| 5 | By: */s/ Joshua C. Lee* |
| 6 |         Joshua C. Lee |
| 7 |         Attorneys for Plaintiff |
| | County of San Bernardino |